Matter of Shelley H. v Melvin Jermaine R. (2019 NY Slip Op 04278)





Matter of Shelley H. v Melvin Jermaine R.


2019 NY Slip Op 04278


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9479

[*1]In re Shelley H., Petitioner-Appellant,
v
Melvin Jermaine R., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about May 5, 2016, which denied petitioner mother's motion to hold respondent father in civil contempt for violating a temporary order of visitation, unanimously affirmed, without costs.
The motion court was correct in denying the mother's motion to hold the father in civil contempt. However, we disagree with the court's reasoning.
The father's counsel acknowledged that the father was aware of the order, yet failed to follow its clear and unequivocal directive that he drop off the child at a designated time and place for visitation with the mother (Judiciary Law § 753[A][3]; McCormick v Axelrod, 59 NY2d 574, 583 [1983]). Although the record showed that he disobeyed the temporary visitation order, the court denied the contempt motion on the basis that the father did so "per the instructions of counsel." This was improper.
Nevertheless, the record shows that the mother's right to visitation time was not prejudiced by the father's wrongful conduct because, on January 12, 2016, the parties entered into a stipulation, which was so-ordered by the Family Court, providing the mother with "make up time." In addition, the telephonic records showed that the mother's claim that he violated the Family Court's directive that he permit her telephonic and/or Skype contact with the child was unfounded. Furthermore, even if the mother had made a sufficient contempt showing, she failed to show that she would have been entitled to reimbursement for the child's train tickets as a remedy, since the November 12, 2015 order did not unequivocally provide that she could remove the child from New York State. Accordingly, her motion should have been denied on these bases (McCormick v Axelrod , 59 NY2d at 583).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK